UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONNIE WILDER                                                   CIVIL ACTION

VERSUS                                                          NO. 06-9604

STATE FARM FIRE & CASUALTY                                      SECTION "C" (2)
COMPANY, ET AL

ORDER AND REASONS

This matter comes before the Court on the plaintiff's motion to remand and the issue whether the jurisdictional amount existed at the time of removal. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).

Here, the plaintiff is suing for amounts owed under a homeowner's policy issued by the defendant to the plaintiff regarding her property in Meraux, Louisiana for hurricane-related damages.  The defendant removed this matter on the basis of the Multiparty, Multiforum Trial Jurisdiction Act,  28 U.S.C. §§ 1369 and  1441(e)(1) ("MMTJA") and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases.  <u>Fidelity Homestead Assn. v. Hanover Insurance Co.</u>, 458 F.Supp.2d 276 (E.D.La. 2006).   It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  <u>Case v. ANPAC Louisiana Insurance Co.</u>,  2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

In order to remain in federal court in diversity, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The defendant argues that the minimum jurisdictional amount existed at the time of removal because the plaintiff alleges in her petition that her property was a "total loss." (Petition, ¶ 21).  The defendant acknowledges that the plaintiff was paid approximately $193,700 under their flood and/or homeowners policies.  It is unknown from the pleadings what additional amounts are in fact in dispute.   The plaintiff claims she has in fact demanded less than $75,000.00.   The Court finds that the defendant has not met its burden showing that it is facially apparent from the petition that the amount in controversy existed at the time of removal.  The defendant does not present any affirmative proof quantifying the amount at issue at the relevant time.   Under these circumstances, the Court does not find that the jurisdictional minimum has been established.

    The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d

478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

    IT IS ORDERED that the plaintiff's motion to remand is PARTIALLY GRANTED. (Rec. Doc. 6).  This matter is hereby REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).[1]  No attorney's fees or expenses shall be awarded.

    New Orleans, Louisiana, this 6th day of March, 2007.

                                                HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT JUDGE

---

[1] The Court does not address any other issue presented in the motion to remand including those regarding the existence of a cause of action against the nondiverse agent.